IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ENRIQUE ANDRE MOSQUERA, PRO SE, | § | |
| TDCJ-CID No. 823557, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0131 |
| | § | |
| DEANA R. DAVIS, CO; | § | |
| JOHN H. ADAMS, Head Warden; | § | |
| ZONIA SCOTT, UGI; | § | |
| MARY HOLLIGAN, Head - Classification; | § | |
| STEVE M. EVANS, UGI; and | § | |
| RICK THALER, Director of TDCJ-ID, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

The complaint in the instant cause was filed June 22, 2011. In this complaint, plaintiff ENRIQUE ANDRE MOSQUERA, lists inmate BURNS TILTON BOYD as a co-plaintiff; however, BOYD has not signed the complaint and has not submitted an IFP application or supporting financial disclosure in the form of an IFP data sheet.

On June 28, 2011, the Court issued a Notice of Deficiency Order requiring plaintiff to submit a current IFP Data Sheet showing the six-month history of his inmate trust account. On that same date, a Briefing Order Questionnaire was also issued requiring plaintiff to set forth with specificity how he was harmed by the alleged confiscation of his legal materials from inmate Boyd. Plaintiff was instructed to identify the case and the court in which it was pending, as well as showing the specific harm sustained.

On June 29, 2011, the Court issued an Order to plaintiff MOSQUERA setting forth inmate Boyd's unsuccessful and abusive history as a litigant in the federal courts and detailing

the sanction operating against Boyd and instructing plaintiff MOSQUERA to personally write all future pleadings and that pleadings written by inmate Boyd would be stricken.

On July 12, 2011, a Questionnaire response was filed in this cause which was plainly written by inmate Boyd, in clear violation of the Court's June 29th Order. On July 20, 2011 a "Motion for Written Objections to the Report and Recommendations of the Magistrate Judge" was filed, which pleading was also written by inmate Boyd.

Up to this date, no Report and Recommendation has been issued by the Magistrate Judge.

The pleadings in this cause consistently advance claims and argument solely on behalf of Burns Tilton Boyd and the Court has no indication inmate MOSQUERA even knows of the specifics of this lawsuit.

The period for filing a response to the June 28, 2011 Notice of Deficiency Order has long since expired, and no IFP Data Sheet has been filed to support the request for pauper status purportedly filed by inmate MOSQUERA.

It appears plaintiff MOSQUERA has abandoned this cause and such cause should be dismissed for failure to prosecute, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (court possesses inherent power to dismiss *sua sponte* for lack of prosecution).

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff ENRIQUE ANDRE MOSQUERA filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE,.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of July 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).